## Case No. 2,656.

### The CHESHIRE.

[Blatchf. Pr. Cas. 165.][1]

District Court, S. D. New York. May 17, 1862.

PRIZE—SALE OF PERISHABLE PROPERTY.

After a decision condemning the vessel and cargo, but before the entry of the decree, the libellants moved for an immediate sale of vessel and cargo, as being in a perishing condition. The court held, on the facts, that no necessity was shown for such sale.

[Cited in The Empress, Case No. 4,477.]

BETTS, District Judge. This suit was brought to hearing on the preliminary evidence of the ship's papers and the proofs, in preparatorio, on the 10th of March last, and was, after two days' discussion, submitted to the court for decision, with the reservation of a privilege to the counsel to file additional briefs during that week. Although the briefs were frequently asked for by the court, circumstances delayed their being furnished until about the 1st of May. In the meantime, the case had been so far considered by the court that it was enabled, immediately after reviewing the written briefs, (about the 5th or 6th of May,) to conclude the examination of the papers, and an interlocutory decision was rendered, condemning the vessel and cargo to forfeiture as lawful prize. [Case No. 2,655.] The papers were, with the decision, immediately placed in the hands of the clerk, with a view to the preparation of the formal decree to be entered on the minutes of the court, but such registry, it appears, has not been made, nor has the decree been notified to the claimants.

The district attorney, in behalf of the libellants, on the official report of the prize commissioners, accompanied by the sworn appraisements and statements of Cyrus Curtiss and E. B. Seaman, and the deposition of Walter S. Gove, who has had the custody of the vessel and the storage of the cargo a principal part of the time since their arrival as prize in this port, moves the court for an order for the immediate sale of the vessel and cargo as being both of them in a perishable and perishing condition. Mr. Edwards, on the part of the claimants in the suit, opposes the application, and reads the affidavits of Robert Mackie, Charles H. Marshall and Washington Durbrow, to prove that the vessel is not perishing, or in a perishable condition, and that the cargo is not perishing, or in a suffering condition, or liable to deterioration, in the situation in which it is now placed.

The testimony of the claimants' witnesses rests upon a more specific and distinct notice of the facts relating to the state and exposure of the property than is furnished by the affidavits filed on the part of the United States, and relieves the case from all apparent necessity for an immediate sale of the property, by an extraordinary interposition of the court, and without waiting the ordinary course of procedure in the cause. The libellants, holding a decree in the suit, in effect final, since its rendition, possessed the power to compel a sale of the prize at once, upon execution, and do not require the protection of any further order to guard their interests in the recovery. No legal reason is shown for seeking an additional interlocutory order, in place of using the final decree of the court for effectuating the same end within the same period of time. It is suggested by the district attorney, and in effect admitted by the counsel for the claimants, that an appeal will be taken in the suit, immediately on the entry of the final decree, which may lead to delaying final execution on the decree of this court. But the court will not intercept the free use to either party of all appropriate remedies provided by law, where no evidence is given that such election must be attended with palpable loss or damage to the other party, and that a restraint in that respect is necessary to the prosecution of rights involved in the subject of litigation. If property is shown to be in a state of absolute wastage, or in such predicament that the shortest delay in disposing of it would reasonably lead to imminent peril of its loss or large deterioration, the court will undoubtedly interpose the aid of a summary sale, to avoid the destruction of the property condemned; but, without the pressure of such urgency, the regular course of proceedings will be left to govern the remedy in prize suits, the same as in other civil causes in admiralty.

As I do not regard the preponderance of evidence filed in the cause as showing a reasonable necessity for an instant sale of the property, the application for a summary order to that end is denied, and the libellants are left to enforce the decree by regular writ of execution.

[NOTE. The claimants appealed to the circuit court, where the decree referred to herein was affirmed. See Case No. 2,657. The claimants then appealed to the supreme court, where the circuit court decree was affirmed. See The Cheshire v. U. S., 3 Wall. (70 U. S.) 231.]